# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1291V

|  |  |
|---|---|
| RICHARD IMLAY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 29, 2026 |

*Richard Gage, Richard Gage, P.C. (WY), Cheyenne, WY,* for Petitioner.

*Madylan Louise Yarc, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 21, 2024, Richard Imlay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination he received on September 10, 2022. Petition at ¶¶ 10. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 27, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On May 29, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $170,000.00 for pain and suffering. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $170,000.00 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

RICHARD IMLAY,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 24-1291V
Chief Special Master Brian H. Corcoran
ECF

## PROFFER ON AWARD OF COMPENSATION[1]

On August 21, 2024, Richard Imlay ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that he suffered from Guillain Barre Syndrome ("GBS") following an influenza ("flu") vaccination he received on September 10, 2022.  ECF No. 1.  On August 21, 2025, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury.  ECF No. 24.  On August 27, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation.  ECF No. 26.

### I.      Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded $170,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of **$170,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Richard Imlay.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

s/*Madylan L. Yarc*
MADYLAN L. YARC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 532-5497
E: Madylan.L.Yarc@usdoj.gov

Dated: May 29, 2026

3

**CERTIFICATE OF SERVICE**

I certify that today, May 29, 2026, a copy of the foregoing pleading was served by electronic mail to Richard Gage at richard@richardgage.net.

/s/ Madylan L. Yarc

4