# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1291V**

| | |
|---|---|
| RICHARD IMLAY,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: September 21, 2026 |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.*

*Madylan Louise Yarc, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2024, Richard Imlay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") following an influenza vaccine he received on September 10, 2022. Petition at ¶¶ 10. On May 29, 2026, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 40.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,495.53 (representing $25,759.30 in fees plus $1,736.23 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed July 22, 2026, ECF No. 44. Furthermore, counsel for Petitioner filed a signed statement indicating that no personal out-of-pocket expenses were incurred by Petitioner. *Id.* at 54.

Respondent reacted to the Motion on July 31, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 46. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted at the Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed by attorney Richard Gage are as follows: $422.00 per hour for time billed in 2023; $441.00 per hour for time billed in 2024; $450.00 per hour for time billed in 2025; and $461.00 per hour for time billed in 2026. Motion at 26-28. The rate requested for 2022-25 have been previously awarded require no adjustment. The 2026 rate however requires an adjustment.

Attorney Gage was previously awarded the (slightly) lesser rate of $459.00 for time billed in 2026. *See Tucker v. Sec'y of Health & Hum. Servs.,* No. 22-293V, 2023 WL 5201689 (Fed. Cl. Spec. Mstr. Jul. 12, 2023). I find no reason to deviate from that determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Sullivan v. Sec'y of Health & Hum. Servs.*, No. 23-0670V, *Slip Op. at* 62, Sept. 9, 2026. Accordingly, I reduce the rates to be consistent with *Sullivan*. **Application of the foregoing reduces the fees to be awarded herein by $9.40**.[3]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 44 at 41-52. I find the requested costs to be reasonable, and award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $27,486.13 (representing $25,749.90 in fees plus $1,736.23 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see

[3] This amount is calculated as follows: $461 - $459 = $2 x 4.70hrs = $9.40.

Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.